■ SOUTH SHORE SKATE CLUB, INC., Respondent, v. MARILYN FATSCHER, Also Known as MARILYN CAIN, Appellant.— In an action by a vendee for specific performance of a contract for the sale of real property, the defendant vendor appeals from an order of the Supreme Court, Nassau County, dated January 8, 1962, which granted plaintiff's motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. The contract of sale was conditioned upon the receipt by plaintiff of a zoning variance to permit the use of the premises as a skating rink. Thereafter, in order to enable plaintiff to make a second application for a variance, the date for closing was extended by mutual consent. Plaintiff did make such second application, but it subsequently entered into a contract for the sale of the property to a third party and withdrew the second application. In opposition to the motion for summary judgment, defendant contended in substance: (1) that, because the zoning variance had not been obtained, the contract was terminated in accordance with its provisions; and (2) that, since plaintiff had not disclosed to defendant its pending negotiations with the third party and had represented

that the extension was necessary to permit the filing of the second application, plaintiff was guilty of fraud in procuring such extension. In our opinion, defendant failed to show the existence of any triable issue of fact and summary judgment was properly granted. The provisions respecting the zoning change had been inserted in the contract for plaintiff's benefit. Accordingly, plaintiff could waive the condition and require performance of the contract (*Di Leonardo* v. *Paoline*, 161 N. Y. S. 2d 660; cf. *Catholic Foreign Mission Soc.* v. *Oussani*, 215 N. Y. 1, 8; *Spuches* v. *Royal View*, 13 A D 2d 815; *Sun Assets Corp.* v. *English Lutheran Church*, 19 Misc 2d 187, 193). Nor, in our opinion, was any fraud shown with respect to the extension of time for the closing of title. The second application for a zoning change was actually filed; and plaintiff was under no duty to defendant to disclose its negotiations with the third party. Under such circumstances, fraud may not be predicated upon plaintiff's silence (cf. *Amend* v. *Hurley*, 293 N. Y. 587, 596). Moreover, defendant received $1,000 under the extension agreement. Apparently she insisted and still insists upon her right to retain that sum. Such action on her part constitutes an affirmance of the contract (cf. *Brennan* v. *National Equit. Inv. Co.*, 247 N. Y. 486). She may not rescind it in part and affirm it in part (cf. *Conrow* v. *Little*, 115 N. Y. 387, 393). In any event, defendant's papers in opposition to the motion are insufficient to raise any issue as to fraud. The only affidavits submitted are by her attorney; and the statements therein to the effect that, had defendant known of plaintiff's negotiations to resell, she would not have consented to the extension, are merely hearsay. As such, they are of no effect and will not bar summary judgment (*Favole* v. *Gallo*, 263 App. Div. 729, affd. 289 N. Y. 696; *Smolenack* v. *Hess*, 274 App. Div. 907). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.