ROBERT K. CLARKE *v.* CIVIL SERVICE COMMISSION
OF THE STATE OF HAWAII AND RICHARD K. C. LEE,
DIRECTOR, DEPARTMENT OF HEALTH
(SUCCESSOR TO CHARLES H. SILVA, DIRECTOR,
DEPARTMENT OF PUBLIC INSTITUTIONS),
STATE OF HAWAII.

No. 4582.

NOVEMBER 14, 1967.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE LUM IN PLACE OF
MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

The appellant was dismissed from the position of Institution Superintendent at Waimano Home, a State institution for the treatment and care of the mentally retarded. He was notified of the dismissal by the Director of Institutions by a letter which contained the charges and specifications for his dismissal. The appellant appealed the dismissal to the Civil Service Commission which, after several hearings, upheld the Director's action in a decision which found the charges stated in the letter of dismissal to be supported by the evidence presented at the hearings.

From the ruling of the Civil Service Commission, an appeal

was then taken to the Circuit Court of the First Circuit pursuant to Section 3-25, R.L.H. 1955, as amended. The trial court, at a pre-trial conference, instructed the parties to file memoranda on points of law. After a review of the memoranda filed by the parties, the court decided to treat the appellees' supplemental memorandum as a motion for summary judgment and thereupon dismissed the appeal.

As a general proposition, summary judgment should be granted where there is no genuine issue as to any material fact and one party is entitled to a judgment as a matter of law. H.R.C.P., Rule 56 (b) (c); *Richards* v. *Midkiff,* 48 Haw. 32, 39, 396 P.2d 49, 54; *Brown* v. *Bishop Trust Co.,* 44 Haw. 385, 388, 355 P.2d 179, 181; *Territory* v. *Arneson,* 44 Haw. 343, 351, 354 P.2d 981, 986.

The appellant specifies several errors allegedly committed by the trial court in dismissing the appeal below. However, we think that only one of such allegations is vital to the disposition of this appeal. Appellant contends that the court committed reversible error when it granted summary judgment on its own motion without giving opposing counsel an opportunity to be heard on the matter.

The record on appeal shows that the court entertained a motion for summary judgment sua sponte, the court treating the supplemental memorandum of the appellees as a motion for summary judgment though it was not denominated as such, and also failed to allege that there was no genuine issue as to a material fact and that the appellee was entitled to a judgment as a matter of law.

The question whether a summary disposition of a cause may properly follow a pre-trial conference though neither party has moved for summary judgment has been answered both in the affirmative and the negative by federal courts which operate under a provision of the Federal Rules of Civil Procedure identical to Rule 56 of the Hawaii Rules of Civil Procedure. *Bowdidge* v. *Lehman,* 252 F.2d 366 (6th Cir. 1958); *S.P.A. Ricordi Officine Grafiche* v. *World Art Reproductions Co.,* 22 F.R.D. 312.

Now assuming that the trial court has the power and authority to grant summary judgment sua sponte, such power can only be exercised in compliance with the provisions of the Rule.

The record shows that the trial court, after the memoranda had been filed by the parties, proceeded to grant summary judgment to the appellees without notice to the appellant and without a hearing on the matter. Subsection (c) of Rule 56 requires that the motion for summary judgment be served "at least 10 days before the time fixed for the hearing." This provision can only be interpreted as requiring that the time for a hearing be fixed; that the adverse party be given notice of such setting; and that a hearing in fact be held on the matter.

It is a well-settled proposition in federal courts that the notice and hearing requirements are far more than mere formalities and that, in the absence of such notice and hearing, the court is without jurisdiction to grant summary judgment. FED. R. CIV. P. 56; *Enochs* v. *T.U. Sisson,* 301 F.2d 125 (5th Cir. 1962); *Georgia Southern & F. Ry* v. *Atlantic Coast Line R.R.,* 373 F.2d 493 (5th Cir. 1967).

We hold that the trial court erred in dismissing the appeal without notice and without a hearing on the matter contrary to provisions of Rule 56.

Reversed and remanded.

*Helen B. Ryan (Clark, Corey, Robinson, Ryan & Ryan* of counsel) for appellant.

*Roy M. Miyamoto,* Deputy Attorney General, (*Bert T. Kobayashi,* Attorney General, with him on the brief) for appellees.