CANE CITY BUILDERS, INC., A HAWAII CORPORATION,
ALFRED M. CAMBRA AND DONNA CAMBRA *v.*
CITY BANK OF HONOLULU, A NATIONAL BANKING
INSTITUTION AND RICHARD S. TORIKI.

No. 4674.

JUNE 26, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY ABE, J.

This is an appeal from an order of the Circuit Court of the First Circuit granting summary judgment to City Bank of Honolulu, defendant-appellee (hereinafter referred to as "Bank") in a contract action.

The complaint alleged in part that the Bank and Toriki had entered into a contract whereby Toriki would keep the books of Cane City Builders, Inc. (hereinafter referred to as "Corporation") in consideration for the retention by the Corporation and the Cambras of their banking acccounts with the Bank. It further alleged that the defendants did not maintain adequate or proper books and converted and disposed of funds belonging to the plaintiffs.

Interrogatories were submitted to the Corporation and the Cambras by the Bank on November 1, 1966. The answers thereto were sworn to by the Cambras individually and as officers of the Corporation and filed on January 25, 1967.

On January 20, 1967, the Bank filed a motion to dismiss or for summary judgment. The motion for summary judgment was supported by an affidavit denying the existence of a contract between the plaintiffs and the Bank and a release allegedly executed by the plaintiffs attached to the affidavit of an officer of the Bank.

After a hearing on the motions, the court below denied the motion to dismiss but granted summary judgment pursuant to Rule 56 of the Hawaii Rules of Civil Procedure. It is from that judgment that this appeal is taken.

As a general proposition, summary judgment should be granted where there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. H.R.C.P., Rule 56 (b) , (c); *Clarke* v. *Civil Service Commission,* 50 Haw. 169, 434 P.2d 312 (1968) ; *Richards* v. *Midkiff,* 48 Haw. 32, 39, 396 P.2d 49, 54 (1964) ; *Brown* v. *Bishop Trust Co.,* 44 Haw. 385, 388, 355 P.2d 179, 181 (1960) .

The release filed by the Bank would, if validly executed by all parties, be dispositive of the subject matter of this action and therefore a proper basis for the granting of the summary judgment. It must be pointed out, however, that documents referred to in a motion for summary judgment must be sworn or certified and attached to the affidavit if they are to be considered by the court. H.R.C.P., Rule 56 (e). The release submitted in this action was attached to an affidavit wherein the affiant stated "[t]hat affiant in early 1964 was shown a copy of the mutual release attached hereto and incorporated herein by reference whereby the plaintiffs agreed to release City Bank of Honolulu from all liabilities." The statement in the affidavit does not authenticate the release, which was not sworn to or certified, nor is the statement based on the affiant's personal knowledge and therefore the statement does not fulfill the requirement of Rule 56 (e) , H.R.C.P. Thus, the release was not properly before the court on the motion for summary judgment and the trial judge erred in considering the release in granting the motion of summary judgment.

The other question on this appeal is whether the pleadings, depositions, affidavits, etc., showed that there was no genuine issue as to a material fact and that the Bank was entitled to judgment as a matter of law. As mentioned above, answers to interrogatories were filed by the plaintiffs prior to the hearing on the motion for summary judgment. Although answers to interrogatories are not within the expressed scope of Rule 56, we believe the omission to have been inadvertent. Our rules were patterned after the Federal Rules of Civil Procedure which, after consistent judicial interpretation to the effect that the omission was inadvertent, have since been amended to include answers to interrogatories within its scope. See Rule 56 (c) , (e) , Fed. R. Civ. P.; 3 Barron & Holtzoff, *Federal Practice & Procedure* § 1236 at 159-160 (1958) ; 6 *Moore's Federal Practice* 2195 (2d ed. 1966); Annot. 74 A.L.R. 2d 984 (1960) .

It should perhaps be noted that the interrogatories to the plaintiffs were served on November 1, 1966 and two stipulations were entered extending the time of answering the interrogatories to December 7, 1966. They were not filed, however, until January

25, 1967, and the Bank has argued that the interrogatories were therefore improperly filed and in any event not properly before the court on the motion for summary judgment.

Rule 33 of the Hawaii Rules of Civil Procedure requires that answers to interrogatories be served "within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time."

It is true that plaintiffs failed to answer the interrogatories on December 7, 1966, and thus failed to fulfill the requirement of Rule 33; and under the provision of Rule 37, H.R.C.P., the Bank could have applied to the court for an order compelling an answer under Rule 37 (a), or, if the refusal to answer was willful, it could have moved under Rule 37 (d) for an order striking out all or a part of any pleading of the plaintiffs or dismissing the action or proceeding or any part thereof.

The Bank did not choose to do so, and we are of the opinion that the answers to interrogatories, having been filed before the hearing on the motion for summary judgment, were properly before the court and should have been considered in connection with the motion.

It appears to us that the answers to interrogatories filed by the plaintiffs in this action contained sworn statements to the effect that the parties to the action had entered into a contract. These statements, coupled with the affidavits filed by the Bank denying the existence of a contract, raised an issue as to a material fact, namely, whether the parties had in fact entered into the alleged contract which is the basis for the instant action.

In view of the finding that a question of material fact does exist, we can only conclude that the court below erred in granting summary judgment to the Bank. We therefore reverse the order appealed from and remand it for further proceedings in conformity with the views expressed herein.

The standing of the Cambras to sue on behalf of the Corporation has also been questioned on this appeal. The Bank contends that the Corporation was involuntarily dissolved some eight months before the commencement of this action and is no longer an entity and the Cambras have no standing to sue on behalf of

a non-existent entity. We disagree, at least with respect to Alfred Cambra.

Section 172-132, Revised Laws of Hawaii 1955, as amended, provides in part:

> "Upon the involuntary dissolution of any corporation and *unless and until some other person or persons are appointed by the director of the regulatory agencies or a court of competent jurisdiction, the directors of any* corporation organized for profit, \* \* \* *shall be and act as trustees* for the creditors and stockholders or members of the corporation with full powers to settle its affairs; \* \* \*." (Emphasis added.)

Section 172-133, Revised Laws of Hawaii 1955, as amended, reads:

> "\* \* \* the trustee or trustees shall have the power: to sue for and collect the debts, claims and demands due to the corporation \* \* \*."

The record on appeal indicates that the plaintiff Alfred M. Cambra served as director of the Corporation during the entire course of its existence. The record does not show that a trustee or trustees had been appointed pursuant to the above-quoted statutory provisions and we hold that Alfred Cambra as trustee of the Corporation has standing to sue on its behalf.

We are of the opinion that we should not be overly technical and hold that because he is not designated as a trustee for the dissolved corporation he is not properly before the court in that capacity.

Reversed and remanded.

*Robert A. Franklin* for plaintiffs-appellants.

*Robert S. Toyofuku* (*Hiroshi Sakai with* him on the brief) for defendant-appellee, City Bank of Honolulu.