Harold **LUCIE**, Plaintiff-Appellant,

v.

**KLEEN–LEEN, INC.**, Defendant-Appellee.

No. 73–1626.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1974.

Decided May 29, 1974.

W. Thomas Johnston and Ross E. Morris, Peoria, Ill., for plaintiff-appellant.

Clifford E. Schneider, Peoria Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and SPRECHER, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a grant of summary judgment in favor of the defendant. The plaintiff contends that the district court erred in construing the August 20, 1962 contract in that the district judge failed to allow extrinsic evidence which would have assisted in ascertaining the intention of the contracting parties. The defendant makes the counter argument that the language of the contract is plain and unambiguous and that the intention of the parties must be discerned solely from the language of the instrument itself without resort to extrinsic evidence. The sole issue before us is the propriety of the district court's grant of summary judgment for the defendant. We are of the view that there exists genuine issues of material fact relative to the interpretation of the August 20, 1962 contract and as such this matter was not an appropriate one for summary judgment.

We cannot accede to the defendant's assertion that no extrinsic evidence reflecting on the parties' intentions should be considered. It is well-established that the test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether the instrument appears to be plain and unambiguous, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. A rule that limits the determination of the meaning of a written contract to its four-corners, merely because the court deems it clear and unambiguous, is a rule that ignores the intentions of the parties or presumes a degree of verbal precision and crystallization presently unattainable by our language.

Words do not have absolute and uniform meanings. The meaning of particular words or groups of words varies with the ". . . verbal context and surrounding circumstances and purposes in view of the linguistic education and experience of their users and their hearers or readers . . . A word has no meaning apart from these factors; much less does it have an objective meaning, one true meaning." Corbin, The Interpretation of Words and The Parol Evidence Rule, 50 Cornell L.Q. 161, 187 (1965).

Extrinsic evidence is admissible to establish the intention of the contracting parties.* In addition, it is quite apparent here that the proffered extrinsic evidence presents numerous issues of material fact not properly disposable in a summary judgment motion.

Accordingly, we reverse and remand for trial and apply Circuit Rule 23.

FAIRCHILD, Circuit Judge (concurring).

Under the August 20, 1962 agreement, plaintiff agreed to deliver seed stock

---

* Our holding does not conflict with the parol evidence rule for although extrinsic evidence is not admissible to add to, detract from, or vary the *terms* of a written contract, these terms must first be determined before it can be decided whether or not extrinsic evidence is being offered for a prohibited purpose.

sows, of a hybrid type known as Lucie swine, and he claims that he performed. The present dispute centers particularly about paragraph 3 of the agreement, providing for payment. Paragraph 3 provides:

> "3. That said Corporation will pay to [plaintiff] in return, the sum of Thirty Five Thousand Dollars ($35,-000.00) in cash and Ten Thousand Dollars ($10,000.00) in the common stock of said Corporation. . . . In addition thereto, said Corporation agrees to pay Seventy Five Dollars ($75.00) per boar for each Lucie boar used or sold by the Corporation, until the total sum of One Hundred Fifty Thousand Dollars ($150,000.00) has been paid." [1]

Pursuant to paragraph 3, plaintiff received the $35,000 cash, common stock valued at $10,000, and $19,800 in $75 payments. Defendant then changed its operations so that there was no further use or sale of Lucie boars, and no further $75 payments were made.

Plaintiff contends that defendant had an unconditional obligation to pay $195,-000 for the hogs he furnished, and that paragraph 3 merely established a convenient schedule for liquidation of the $150,-000 balance remaining after the initial payment of $45,000. He suggests that paragraph 4, applying a royalty at a lower rate thereafter, supports his view. Defendant reads the language of paragraph 3 literally, and argues, as the district court apparently concluded, that it had only to make the $75 payments if and when boars descendant from plaintiff's stock were used or sold.

I agree with much that is said in the *per curiam* opinion. In order to give meaning to a written contract, a court should consider extrinsic evidence illuminating the persons, objects, and events to which its words apply. See, *e. g.,* American Casualty Company of Reading,

Pa. v. Reidy, 386 F.2d 795, 797 and n. 2 (7th Cir., 1967).

On the summary judgment motion, the parties presented a considerable body of evidence, in the form of depositions, answers to interrogatories, and accompanying documents, bearing on the dealings between the parties and the circumstances of the formation of the contract. Unfortunately, the district court did not set forth in the record any analysis of this material, but merely ordered the granting of summary judgment. This procedure handicaps us in our task of review.

Plaintiff asserted his own understanding of the arrangement, but this would not ordinarily be admissible at trial. There was a prospectus prepared at the time of defendant's incorporation in January, 1962. Plaintiff finds in it an implication that defendant was to produce Lucie hogs exclusively. But such implication is difficult to discern. . It appears that plaintiff, as a director of defendant, later seconded a motion to authorize the use of other breeds, an act inconsistent with exclusivity.

On January 30, 1962, at the same time defendant was incorporated, plaintiff and others interested also formed a partnership by written agreement. The purpose of the partnership was to supply defendant with boars. Plaintiff agreed to provide 80 seed stock sows and they, together with services to be rendered, were valued in the agreement at $116,-000. On a pro rata basis, this agreement arguably indicates a value for the seed stock sows to be supplied under the August 20 contract very substantially in excess of $45,000. Ultimately the partnership activity was taken over by defendant corporation, and the stock turned over under the partnership agreement was counted toward plaintiff's performance of the August 20 agreement.

---

1. Paragraph 4 went on to provide:
   "In the event said sum of One Hundred Ninety Five Thousand Dollars ($195,000.-00) has been paid as aforesaid, then there- after a royalty of Fifteen Dollars ($15.00) per boar shall be paid to [plaintiff] for each Lucie boar used or sold by said Corporation. . . . "

The somewhat confused development of the relationship of the parties makes it difficult to say that defendant demonstrated the absence of a genuine issue of fact affecting the construction of paragraph 3 of the August 20 agreement. A trial would probably produce a more orderly development of the facts which might be relevant. On that basis, I am able to concur in reversal, although I feel it necessary to point out that it is not at all plain that, at best for plaintiff, he could make out a case for his construction.