**UNITED STATES of America, Plaintiff,**

**v.**

**Oscar POLLARD, Howard G. Roberts and Bertha Roberts, etc., Defendants.**

**Oscar POLLARD, Cross-Claimant-Appellee,**

**v.**

**Howard G. ROBERTS and Bertha Roberts, Cross-Defendants-Appellants.**

**No. 74–1043.**

United States Court of Appeals, Ninth Circuit.

July 2, 1975.

Rehearing Denied Oct. 30, 1975.

R. H. McSweeney, Hillsboro, Ore. (argued), for appellant.

Milo W. Pope (argued), Milton-Freewater, Ore., for appellee.

## OPINION

Before KOELSCH and ELY, Circuit Judges, and VOORHEES,* District Judge.

ELY, Circuit Judge:

This appeal arises from a consent judgment and foreclosure decree in a mortgage foreclosure suit instituted by the United States. The United States is not a party to this appeal.

The District Court, pursuant to a cross-complaint filed by one Pollard, held that certain cross-defendants, Howard G. and Bertha Roberts (hereinafter "The Roberts") were personally and primarily liable for payment of the $43,523.29 deficiency on a mortgage held and foreclosed by the Small Business Administration (SBA). In the foreclosure suit, it had been held that the mortgaged property should be sold and that the cross-complainant Pollard and the cross-defendants Roberts were jointly and severally liable for the deficiency. The District Court then tried the cross claims which are the subject of this appeal, to determine whether Pollard and The Roberts were jointly liable for the deficiency as joint guarantors, or whether The Roberts alone were liable because they agreed to assume Pollard's personal guarantee for the mortgage indebtedness. The court ruled in favor of Pollard, and The Roberts appeal.

The following facts, as found by the District Court, are supported by substantial evidence. On February 18, 1970, Pollard, as seller, and The Roberts, as purchasers, entered into a written earnest money agreement for the sale of corporate stock and mortgaged real property. The real property was encumbered by a first mortgage given by Pollard to the Baker-Boyer National Bank of Walla Walla, Washington and a second mortgage given by Pollard to the Bank of Commerce of Milton-Freewater, Oregon and the SBA. As an incident to the second mortgage, Pollard had given the Bank of Commerce and the SBA his written personal guarantee of the mortgage debt. The earnest money agreement of February 18, 1970 recited:

"Total Valuation $385,323.21

It is fully understood and agreed that the real property described in Exhibit 'A' is now encumbered by indebtedness in the principal sum of $75,323.21, which indebtedness shall be deducted from the total valuation and which produces a net purchase price in the sum of $310,000.00."

(At the time the earnest money agreement was executed the Baker-Boyer mortgage balance was $75,323.21, the precise amount specified in the fifth line of the above quoted recitation.) On March 20, 1970, the Roberts executed a written guarantee of the Bank of Commerce-SBA mortgage debt, to the extent of $86,720.07. On May 21, 1970, a letter signed by Pollard and the Roberts was sent to the Bank of Commerce. In pertinent part, the letter reads:

"This letter is to inform you that Howard G. Roberts and Bertha Roberts hereby assume the personal guarantee presently supplied by Oscar Pollard, formerly the principle (sic) stock holder (sic) of Pollard Motor, Inc., Pollard Leasing, Inc. and OK&D, Inc. This is to apply to all past and future business including a certain S.B.A. Loan made to Pollard Motor, Inc. prior to Feb. 1, 1970 and guarantee (sic) by Oscar Pollard."

The district judge concluded that: (1) by virtue of the earnest money agreement, the Roberts assumed the Baker-Boyer National Bank mortgage; (2) by the May 21st agreement letter, the Roberts assumed the SBA-Bank of Commerce mortgage; and (3) by the written guarantee of March 20th to the Bank of Commerce, the Roberts became personally and primarily liable for payment of both mortgages and are obligated to indemnify Pollard against any liability therefor.

---

* The Honorable Donald S. Voorhees, United States District Judge, Western District of Washington, sitting by designation.

The Roberts raise numerous arguments on this appeal, only three of which warrant discussion. All involve the application of either Oregon case law, the Oregon parol evidence rule (ORS 41.740), or the Oregon statute of frauds (ORS 41.580). Our study convinces us that the district judge did not err in resolving any of the disputed issues of Oregon law.

■ The Roberts first argue that the earnest money agreement makes no mention of personal liability in the event of a mortgage foreclosure deficiency, is complete and unambiguous on its face, and that therefore the court erred in admitting parol evidence to "vary the agreement." There are several grounds upon which Oregon's parol evidence rule (ORS 41.740) can be interpreted so as to justify the District Court's consideration of extrinsic evidence. ORS 41.740 permits "evidence of the circumstances under which an agreement was made" in aid of interpretation, and also permits extrinsic evidence "to explain an ambiguity, intrinsic or extrinsic." The language of the earnest money agreement here involved recites that the parties agreed to the conveyance of property valued at $385,323.21 for a purchase price of $310,000. We think that a fair interpretation of this agreement leads to the conclusion that the Roberts assumed the payment of the difference of $75,323.21, the amount of the indebtedness. But assuming that the language of the agreement raised a question as to the parties' intent concerning the mortgage, requiring the trial court to inquire into the meaning of the language, extrinsic evidence to resolve the ambiguity was admissible under either of the above quoted statutory exceptions to Oregon's parol evidence rule.

■ The Roberts' second major argument is, essentially, a contention that the letter of May 21st, by which the Roberts assumed Pollard's obligation, is a nullity because it violates the Oregon statute of frauds' requirement that an agreement to answer for the debt of another must be embodied in a writing "expressing the consideration" (ORS 41.580). However, it appears that the lack of an explicit recital of consideration in the May 21st letter is not fatal if one looks to the contract as a whole. So viewed, the contract clearly indicates that the value of the land conveyed serves as consideration for the assumption of the mortgage. See *Public Fire Insurance Co. v. Weatherly,* 148 Or. 407, 36 P.2d 989 (1934).

■ Finally, the appellants argue that the earnest money agreement is insufficient to impose upon them the obligation of paying the Baker-Boyer mortgage because it contains no express recital that the purchaser "assumes" the mortgage. We have found no Oregon case directly on point. The district judge apparently determined that Oregon would likely follow the rule that when the amount of a mortgage debt is deducted from the purchase price actually paid, the purchaser impliedly assumes the mortgage. See *Hulin v. Veatch,* 148 Or. 119, 35 P.2d 253 (1934), citing with approval *Van Eman v. Mosing,* 36 Okl. 555, 129 P. 2 (1912). See also 2 S. Williston, Contracts § 382, at 1028 (3d ed. 1957). "Analysis by a district judge of the law of the state in which he sits, his determination of the result which the highest court of that state would probably reach under the same facts, is entitled to great weight. . . . That determination 'will be accepted on review *unless shown to be clearly wrong.*'" *Owens v. White,* 380 F.2d 310, 315 (9th Cir. 1967). In the circumstances here, we cannot hold that the district judge's decision as to the Oregon law on this point was "clearly wrong."

Affirmed.