HING BO GUM, Plaintiff-Appellant, *v.* MATAICHI NAKAMURA, OTERU NAKAMURA IKEDA, FRANK KENSO HAYASHI and HELEN HARUKO HAYASHI, Defendants-Appellees

NO. 5691

APRIL 29, 1976

RICHARDSON, C.J., OGATA, MENOR, KIDWELL, JJ., and KATO, Circuit Judge, in place of KOBAYASHI, J., Disqualified

*Per Curiam.* Plaintiff filed in the court below a complaint against the defendants for specific performance, or in the

alternative for damages. His claim is predicated upon a written agreement, more commonly known as a deposit, receipt, offer and acceptance (hereinafter DROA).

In their answer to the complaint, defendants Mataichi Nakamura and Oteru Nakamura Ikeda (hereinafter defendants-sellers)[1] admitted that they and the plaintiff had entered into the DROA. They further admitted that they were the owners of land described in the complaint and in the DROA. The DROA evidences the payment of $500.00 by plaintiff, as buyer, as an initial deposit to be applied on account of the purchase price of $198,000.00 for the purchase of the parcel of land as described therein.

The DROA is dated February 1, 1973, and in paragraph 5 it provided as follows:

"5. Buyer and Seller shall perform all their obligations set forth herein on or before *See item 12*, 19———. Buyer and Seller both agree that this time may be extended for a period of 30 days at the discretion of the Seller's Broker. All documents shall be recorded within a reasonable time thereafter, and upon such recordation, the net proceeds shall be disbursed to Seller."

Paragraph 12 of the DROA stated:

"12. SPECIAL CONDITIONS:

1. This offer subject to rezone to Apartment within 120 days with Sellers permission on Buyers expenses.

2. Closing 30 days from the date of Approval.

3. No prepayment penalty."

On March 5, 1974, defendants filed a motion to dismiss or in the alternative for summary judgment. The motion to dismiss the complaint was based upon HRCP Rule 12(c) on the ground that the complaint failed to state a claim upon which

---

[1] There are four individual defendants in this action. Defendants Frank Kenso Hayashi and Helen Haruko Hayashi are alleged in the complaint as the present owners of the land described in the DROA, their purchase and conveyance from defendants-sellers having occurred subsequent to the DROA. Both defendants Hayashis have also answered the complaint. The term "defendants" as used in this opinion will designate all four individual defendants.

relief can be granted.[2] The alternative motion for summary judgment was based upon HRCP, Rule 56. No affidavit was filed by the defendants in support of their motion.

Just prior to the hearing of this motion on March 19, 1974, plaintiff filed an affidavit from which it appeared: That plaintiff signed the DROA on February 1, 1973; that he inserted in the DROA the special provision regarding the rezoning of the land as set forth in paragraph 12; that the DROA was then submitted to defendants-sellers who signed the instrument on February 5, 1973; that before defendants-sellers placed their signatures on the document, they altered the DROA, first, with respect to the amounts to be payable on account of the purchase price by substituting the figures $60,000.00 and $25,000.00 for the figures $50,000.00 and $16,000.00, and, second, with respect to the provision inserted by plaintiff on rezoning contained in paragraph 12(1) by inserting the words "within 120 days" as a time qualification to that provision; that plaintiff approved these changes made in the DROA on February 6, 1973; that on June 5, 1973, defendants-sellers' broker extended "the DROA closing to 30 days more as indicated in Paragraph 5 of said DROA," and as so extended, July 6, 1973, was the closing date; that on the last mentioned date plaintiff executed the agreement of sale covering the real property described in the DROA at the office of First American Title Co. of Hawaii, Inc., the escrow named in the DROA, and at the same time plaintiff paid to it the sum of $60,000.00; and that plaintiff in fact had waived the condition as to rezoning.[3]

Initially the trial court denied defendants' motion to dismiss or in the alternative for summary judgment. The next day, the defendants filed in the court below a motion to reconsider the motion to dismiss or in the alternative for summary judgment. The stated ground for this motion was

---

[2] This ground would be appropriate under HRCP Rule 12(b)(6), rather than HRCP Rule 12(c) which relates to motion for judgment on the pleadings.

[3] We have not considered any part of the affidavit which sets forth merely legal conclusions. We note that there is an obvious typographical error in paragraph 4 of the affidavit.

that "the DROA dated February 1, 1973, terminated by its own terms since the property has never been rezoned to apartment use as provided in paragraph 12 of said DROA." On April 2, 1974, at the conclusion of the hearing on defendants' motion for reconsideration, the trial court granted the motion and further granted defendants' motion for summary judgment, and in the written order, filed on April 16, 1974, relative to the court's action on this motion, it was further ordered that plaintiff's claim against all defendants be dismissed with prejudice. On May 1, 1974, the trial court denied plaintiff's motion for further reconsideration of the defendants' motion to dismiss or in the alternative for summary judgment, and this appeal followed. We reverse.

HRCP Rule 56(c) reads in pertinent part as follows:

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

We have said frequently that under this rule a summary judgment is sustainable only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lecker v. General Am. Life Insurance,* 55 Haw. 624, 525 P.2d 1114 (1974); *Abraham v. Onorato Garages,* 50 Haw. 628, 446 P.2d 821 (1968); *Cane City Bldrs. v. City Bank,* 50 Haw. 472, 443 P.2d 145 (1968); *Clarke v. Civil Service Comm'n.,* 50 Haw. 169, 434 P.2d 312 (1967); *Richards v. Midkiff,* 48 Haw. 32, 396 P.2d 49 (1964). We have also held that the inferences to be drawn from the underlying facts alleged in the materials (such as depositions, answers to interrogatories, admissions and affidavits) considered by the court in making its determination must be viewed in the light most favorable to the party opposing the motion. *Abraham v. Onorato Garages, supra,*

*Aku v. Lewis,* 52 Haw. 366, 477 P.2d 162 (1970). This would mean that we should view the inferences to be drawn from the depositions, answers to the interrogatories, admissions, and affidavits in the record in the light most favorable to the plaintiff.

Under these principles of law, we do not consider the instant case as one which meets the requirements of HRCP Rule 56(c) where the record shows that there is no genuine issue as to any material fact and that the defendants, as moving parties, are entitled to judgment as a matter of law.

Based upon the contents of the briefs filed by the parties and the nature of the oral arguments before us, it is apparent that the trial court ruled that the provision contained in paragraph 12(1) was totally unambiguous and that it would be improper to admit parol evidence to explain its meaning or to vary its terms. *Bishop Est. Trust v. Castle & Cooke,* 45 Haw. 409, 368 P.2d 887 (1962). We do not consider the language of paragraph 12(1) unambiguous. We think that this provision is at least reasonably susceptible to construction and for this purpose parol evidence to ascertain the intent of the parties is admissible. *United States v. Pollard,* 524 F.2d 808 (9th Cir. 1975); *Lucie v. Kleen-Leen, Inc.,* 499 F.2d 220 (7th Cir. 1974); *Goodwin, Inc. v. Coe,* 392 Mich. 195, 220 N.W.2d 664 (1974); *Pappas v. Hauser,* 197 N.W.2d 607 (Iowa 1972).

Both plaintiff and defendants agree that the subject of paragraph 12(1) of the DROA is a condition: the plaintiff asserting that the condition was inserted in the agreement for his benefit; the defendants arguing that it is a clear and unambiguous mutual condition. Likewise, we have no difficulty in characterizing paragraph 12(1) as a condition. But we hold that the condition in paragraph 12(1) that the "offer" is subject to rezoning to apartment use is a condition precedent which must be realized before a duty becomes imposed upon the parties to execute and deliver the agreement of sale. The plaintiff's contention, however, is that such a condition may be waived by him if it is solely for his benefit. We agree with this proposition of law. *Crescenta Valley Moose Lodge No. 808 v. Bunt,* 8 Cal. App. 3d 682, 87 Cal. Rptr. 428 (1970); *Bliss v.*

*Carter,* 26 Mich. App. 177, 182 N. W.2d 54 (1970); *South Shore Skate Club, Inc. v. Fatscher,* 17 A.D.2d 840, 233 N.Y.S.2d 372 (1962); *Richardson v. Snipes,* 46 Tenn. App. 494, 330 S.W.2d 381 (1959); 3A Corbin on Contracts § 716.

Whether such a condition is solely for the benefit of the buyer is a question of fact to be determined by the trial court based upon all the evidence. *Crescenta Valley Moose Lodge No. 808 v. Bunt, supra.* Plaintiff's affidavit on file in this case clearly shows that the condition with respect to rezoning was inserted by the plaintiff. We find nothing in the present record indicating that the condition was not inserted solely for his benefit. Since the exhibits attached to defendants' motion for summary judgment are not sworn or certified as required under HRCP Rule 56(e), we are forbidden to give consideration to such exhibits.[4] *Cane City Builders v. City Bank, supra.*

Defendants-sellers also contend that the time for closing had lapsed one day before the plaintiff tendered his performance. Unless otherwise specifically provided by the parties, the general rule is that time is not the essence in a contract for the sale of land. *Guy v. Hanley,* 111 N.H. 73, 276 A.2d 1 (1971); *Knable v. Bradley,* 430 Pa. 153, 242 A.2d 224 (1968); *Reutt v. Jordan,* 207 Va. 869, 153 S.E.2d 197 (1967). The DROA does not contain any provision on this subject. Therefore, whether time is or is not of essence is to be determined like any other fact. *Guy v. Hanley, supra, Lockhardt-Hutchens v. Bergstrom,* 434 S.W.2d 453 (Tex. Civ. App. 1968).

However, according to the plaintiff's affidavit, defendants-sellers did not accept the offer to purchase the land made by the plaintiff on February 5, 1973. Rather, they chose to alter the document in the manner heretofore described and transmitted to the plaintiff a counter offer which was accepted by the plaintiff on February 6, 1973. If these facts are proved, the DROA did not become binding upon the buyer and sellers until the latter date. The affidavit of the

---

[4] For the same reason we have given no consideration to the exhibits attached to plaintiff's affidavit.

plaintiff further shows that before the 120 days from February 6, 1973, had expired, the sellers' broker on June 5, 1973, extended the closing date for this transaction to July 6, 1973. The same affidavit further shows that plaintiff executed the agreement of sale on this property in the office of the escrow on July 6, 1973, and that at the same time plaintiff paid the amount due on the agreement of sale. The depositions of defendants Mataichi Nakamura and Frank Kenso Nakamura do not shed light or touch upon any factual matter which may affect the disposition of the motion for summary judgment.

Accordingly, we reverse and set aside the judgment and remand this case for further proceedings.

*Bert T. Kobayashi, Jr. (Kobayashi, Koshiba & Watanabe* of counsel), for plaintiff-appellant.

*Wendell H. Marumoto (Marumoto & Shigezawa* of counsel) for defendants-appellees.