MARY YOUNG MUNDS, and LOUIS D. MUNDS, JR.,
Plaintiffs-Appellees, *v.* FIRST INSURANCE
COMPANY OF HAWAII, LTD., and ST. PAUL
FIRE AND MARINE INSURANCE COMPANY,
Defendants-Appellants

NO. 6426

JULY 30, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a summary judgment
in plaintiffs-appellees' favor on a complaint for declaratory
relief.[1] The dispositive issue raised is whether a summary
judgment should have been granted. We hold it should not
have been.

Plaintiff-Appellee Mary Young Munds sold a Waikiki
Street home and leasehold lot to Stanley W. C. and Karen Ho
Hong in September, 1971. In December, 1974, the Hongs
filed suit against the Munds and others, alleging damage to
the premises sold to them by reason of soil subsidence. The
Hongs' complaint alleged that they first noticed the soil sub-
sidence damage in January or February of 1973. They claimed
that Plaintiff-Appellee Mary Young Munds breached various
express and implied warranties to them with respect to the
condition of the premises and the quiet enjoyment thereof;
that at the time of the sale, she knew or should have known of
the existence of the ground settlement problem and that she
failed to fully disclose the same to them. They also claimed
that Plaintiff-Appellee Louis D. Munds, Jr. was an agent of
Mary Young Munds in the sale; that at the time of the sale, he

---

[1] The plaintiffs-appellees' filed a notice of appeal from a denial of a motion for
further relief upon judgment. On oral argument, this was withdrawn.

knew or should have known of the ground settlement problem and that he failed to disclose the same.

In June of 1976, the Munds filed the present complaint for declaratory relief against appellants First Insurance Company of Hawaii and St. Paul Fire and Marine Insurance Company. They alleged the filing of the Hongs' suit against them; that on July 1, 1970 First Insurance issued a three-year homeowner's policy No. HO-30411; that policy No. HO-30411 was valid and existing at the time of sale and that it bound First Insurance to cover them for the damages prayed for in the Hongs' complaint and to defend the action brought by the Hongs.

The Munds made the same allegations with respect to the existence of a personal catastrophe policy No. 588XA2697 issued to them by St. Paul through its agent First Insurance.

Accordingly, the Munds prayed that the court declare (1) that the policies were valid and existing at the time of the sale; (2) that they covered the matters which were the subject of the Hongs' claims against them; and (3) that First Insurance and St. Paul had an obligation to defend the Hongs' action.

Appellants' answer admitted the fact of the Hongs' suit and the issuance of the policies but denied coverage and duty to defend. In addition, First Insurance Company alleged "that policy No. HO-30411 . . . was cancelled as of September 1, 1970,* and replaced by policy No. HO-35980, which was effective from September 1, 1971 to September 1, 1974." The Munds thereupon moved for summary judgment, attaching as additional material only an unverified copy of the Hongs' complaint. Inasmuch as the copy of that complaint attached to the motion for summary judgment was neither sworn to nor certified, appellees violated Rule 56(e) of the *Hawaii Rules of Civil Procedure*. Had not appellants' counsel at oral argument waived that violation, we would be constrained to disregard the exhibit and to reverse the summary

---

* It is possible that this is a misprint and that it should be 1971; however, the record does not so indicate.

judgment on that ground alone. *Cane City Bldrs. v. City Bank,* 50 Haw. 472, 443 P.2d 145 (1968); *Pacific Concrete Federal Credit Union v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980). There are, however, additional reasons compelling a reversal in this case.

Ordinarily, in a declaratory judgment action involving more than one issue, we would expect the judgment or decree to contain a declaration defining the rights of the parties with respect to each issue submitted. *See Strype v. Lewis,* 352 Mo. 1004, 180 S.W.2d 688, 155 A.L.R. 99 (1944). In this case, however, only a general order for summary judgement and a general judgment were entered.

There is simply no record to support a summary judgment as to the first declaration sought by appellees. First Insurance in its answer claimed that the policy alleged was cancelled as of September 1, 1970. This was not controverted by affidavit or otherwise. The second First Insurance Company policy was not before the court below but was stipulated into the record on appeal. This policy does not specify the premises insured but the Opening Brief says it covers a Kalanianaole Highway residence. It seems to support First Insurance's position in its answer that the first policy at some point was cancelled and the second one issued. The record, however, does not tell us when the damage to the premises in question first occurred.

As to the second and third declarations sought, we cannot ascertain whether the court below was holding that there was coverage and therefore a duty to defend or that there was a duty to defend independent of the question of coverage. The transcripts of the two hearings at which the motion for summary judgment was considered are no more enlightening than the order and judgment are as to which rights are being declared.

We expressly do not pass upon the merits of the question of coverage or the duty to defend, but if it is appellees' claim that First Insurance is liable to them because of the damage to the Hongs' house it would appear that the fact of when the damage occurred would be material to ascertaining which First Insurance policy appellees are claiming under. Since

the St. Paul coverage appears to be in the nature of an excess policy, a determination of which First Insurance policy is being claimed against by the Munds would appear to be important in determining when and how, if ever, any liability of St. Paul attached.

The policies in the record contain requirements that the insureds give notice to the insurer of claims against them or of losses, and certainly notice in some form is probably a prerequisite to the duly to defend. Yet, the record is silent as to whether and when any such notices were given. We do note an unexplained gap of a year and a half between the Hongs' complaint and the commencement of this suit.

Some cases are, by their nature, simply not susceptible of disposition by summary judgment. *Waterhouse v. Capital Investment Co.*, 44 Haw. 235, 353 P.2d 1007 (1960). In view of the incompleteness of the record; the uncertainty as to what rights were declared by the judgment below; and the importance of the issue of coverage, we believe this to be such a case. Accordingly, the judgment below is reversed and the matter remanded to the court below for trial on all issues.

*William L. Fleming (Edwin L. Doernberger* on the Briefs) for defendants-appellants.

*Dan T. Kochi (Terence J. O'Toole* on the Brief) for plaintiffs-appellees.