ROBERT DE MUND and ELIZABETH DE MUND, Plaintiffs-Appellants, *v*. PATRICIA CHONG LUM, WILIWILI NUI RIDGE SUBDIVISION, a joint venture, HAROLD MINORU AOKI and KOICHI IMAI, Defendants-Appellees

NO. 6791

DECEMBER 9, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment below in favor of the defendants-appellees and against the plaintiffs-appellants. Two questions are presented by the appeal. First,

was summary judgment properly granted against the appellants and in favor of Appellee Patricia Chong Lum on the ground that she had not violated the restrictive covenant applicable both to her lot and appellants' lot. Second, was summary judgment below properly granted in favor of Appellees Wiliwilinui Ridge Subdivision, a joint venture, Harold Minoru Aoki and Koichi Imai, the developers of the subdivision, upon the ground that they owed no duty to appellants to enforce the restrictive covenants applicable to the subdivision lots. We answer question one no and question two yes.

At some point in time, the date of which does not appear in the record, Appellees Wiliwilinui Ridge Subdivision, a joint venture, Harold Minoru Aoki and Koichi Imai subdivided certain property located on Wiliwilinui Ridge, including the lot subsequently owned by the appellants and the lot subsequently owned by Appellee Patricia Chong Lum. It is not disclosed by the record when the restrictive covenants, to which the deeds of the lots in question were subject, were promulgated or attached to the land. Among those covenants was Covenant Number 2 which provided:

> 2. USE OF PREMISES: The lots within WILI-WILINUI RIDGE SUBDIVISION are to be used as a single-family residence only.

Appellee Lum is the fee simple owner of Lot No. 31 contiguous to the lot and home of Appellants DeMunds. From May, 1976 to December, 1976, Appellee Lum had a roomer on the premises by the name of Eugene M. Gerrard who was not related to the Lum family by blood or marriage. He paid some rent and worked for Lum on the premises. After February, 1977, Appellee Lum had another roomer on the premises by the name of Robert A. Ciaccio who was also unrelated by blood, marriage or adoption, who also paid rent and who did work on the premises for Appellee Lum. Gerrard and Ciaccio occupied the lower level of Lum's residence which was not internally connected with the upper level occupied by Appellee Lum and which had a separate outside entrance. The "apartment" apparently was complete except that it did not contain a stove.

Appellants sought an injunction against the continued use of the separate space on the Lum premises by roomers unrelated to the family and joined Appellee Lum as well as the appellee developers as defendants. Appellee Lum and the appellee developers each cross-claimed against the other. The court below granted summary judgment on the motions of Appellee Lum and the appellee developers against the appellants and dismissed the cross-claims. From that summary judgment, this appeal is taken.

The first question is whether the usage by the two roomers of the so-called apartment on Appellee Lum's premises violates the restrictive covenant quoted. This turns upon the meaning of the phrase, "a single-family residence only" in the restrictive covenant. Appellees' theory in support of the summary judgment is premised upon a contention that in promulgating the restrictive covenants, the developers intended to adopt the definition of "a single-family residence" as then defined in the applicable zoning ordinance of the City and County of Honolulu.

In the court below, both appellants and appellees relied upon unsworn, unverified documents attached to their moving papers. Rule 56 of the Hawaii Rules of Civil Procedure, however, allows the consideration of such documents only if sworn or certified copies are attached to the moving papers. The Supreme Court of Hawaii has pointed out more than once that this requirement of Rule 56 is mandatory. *Pacific Concrete FCU v. Kauanoe*, No. 6362, decided July 17, 1980; *Cane City Builders v. City Bank*, 50 Haw. 472, 443 P.2d 145 (1968). We have said the same. *Munds v. First Insurance Co. of Hawaii, Ltd.*, 1 Haw. App. 104, 614 P.2d 408 (1980). Both below and here, references are made by the parties to zoning ordinances of the City and County of Honolulu without certifying them as required by the rule and without the showing that there has been any compliance with § 622-13, *Hawaii Revised Statutes* or even mentioning that statute. Without compliance with the statute, the court below could not take judicial notice of the zoning ordinances. *Territory v. Yoshikawa*, 41 Haw. 45 (1955); *Territory v. Tamanaha*, 46 Haw. 345, 379 P.2d 592 (1963).

Moreover, from the record we do not know when the subdivision was made, when the restrictive covenants were promulgated or when the first lot was sold. Consequently, we do not know the time at which the restrictive covenants attached to the lands in question and hence, have no way of knowing what ordinance with respect to zoning was then in effect even if we could judicially notice such ordinances. Nor are we satisfied that without knowing these facts, or who the original parties to the restrictive covenants were or what their intentions were as to the meaning of the phrase in question at the time those covenants first attached to the subdivision, the court below was in any position to ascertain the meaning of the phrase in question.

Appellants contend that the phrase in question is clear and unambiguous and bars the use complained of regardless of the intentions of the parties to the covenants at the time they first attached to the land. We cannot agree with this contention. We think facts as to the manner of use, the details of the "apartment" which may not be undisputed, the intentions of the original parties to the covenants as to their meaning, the zoning ordinance in effect when the covenants attached to the land and others should all be ascertained before the phrase in question is construed by the court. Consequently, we think this is a case in which findings of fact are necessary before the meaning of the restrictive covenant in question can be ascertained. *Waterhouse v. Capital Investment Co.*, 44 Haw. 235, 353 P.2d 1007 (1960). Accordingly, we hold that the summary judgment was improperly granted in favor of Appellee Lum.

As to the appellee developers, their liability turns upon whether or not they had a duty to enforce the restrictive covenants. No such duty is alleged in the complaint nor set forth in the restrictive covenants which are incorporated by reference in the complaint. Unless the developer of the subdivision has a legal obligation to see that the restrictive covenants are performed, he no longer has even the right to enforce the covenants once he has parted with his interest in the lands in question. 5 Restatement, *Property*, §§ 549, 550; *Young v. Cramer*, 38 Cal. App.2d 64, 100 P.2d 523 (1940); 20

Am. Jur.2d *Covenants, Conditions, Etc.* § 292. Appellants point out that the appellee developers still owned some lots in the subdivision and thus, would still have the right to enforce the covenants. They have cited no case which says that if the developers have the right to enforce the covenant, they, *ipso facto*, have the duty to enforce the covenants. It is clear that the owner of a lot in the subdivision has the right to seek relief for breach of covenant by another lot owner, *Young v. Cramer, supra*, 20 Am. Jur.2d *Covenants, Conditions, Etc.* § 320, therefore, there is no necessity for the developers to do so on appellants' behalf. Since there is nothing in the covenants themselves which impose a duty on the developers to enforce the covenants, we think the court below properly granted summary judgment for the appellee developers.

The court below dismissed also the cross-claims of Appellee Lum against the appellee developers and of the appellee developers against Appellee Lum. The dismissal of those claims appears to have been predicated upon the granting of the summary judgment against the appellants and in favor of Appellee Lum. We think the dismissal of those cross-claims should be reconsidered by the court below on remand.

Accordingly, we affirm the summary judgment in favor of the appellee developers and reverse the summary judgment with respect to the claim against Appellee Lum and the two cross-claims. Reversed and remanded for further proceedings consistent herewith.

*Gordon D. Nelson* for plaintiffs-appellants.

*Richard B. W. Ing* for defendant-appellee Patricia Chong Lum.

*Owen H. Hellekson, Jr.* for defendants-appellees Wiliwilinui Ridge Subdivision, Harold Minoru Aoki and Koichi Imai.