CARRIERS INSURANCE COMPANY, Plaintiff-Appellee, *v.* DERRICK DEAN DOMINGO and SEIYEI YAGI, Defendants-Appellants, and FIRST INSURANCE COMPANY OF HAWAII, LTD. and ISAAC E. HENDERSON, Defendants

NO. 6772

DECEMBER 12, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. This is an appeal from a summary judgment in a declaratory judgment action on a public liability policy holding that the policy does not apply to the accident in question. We do not reach the issues argued in the briefs because both parties failed to comply with the provisions of Rule 56(e), Hawaii Rules of Civil Procedure and there, therefore, was an inadequate basis for the judgment below. Accordingly, without argument being heard, pursuant to Rule 2(a) of the Rules of the Intermediate Court of Appeals, we order the case disposed of out of regular calendar order by remand to the court below.

The complaint alleged in paragraph 6:

6. On or about April 19, 1974, Carriers issued an insurance policy to Holo Holo Campers, Inc., a Hawaii corporation. A copy of this insurance policy is attached hereto as a Exhibit A and incorporated herein by reference.

Appellants' answer admitted the allegations of paragraph 6, however, an examination of Exhibit A clearly shows that it is incomplete. The issue before court on the cross motions for summary judgment was the correct interpretation of the insurance policy. Appellants attached purported copies of the insurance policy, regulations and other documents to their motion for summary judgment. All of those attachments were in violation of Rule 56(e) which requires that copies of documents used as a basis for a summary judgment shall be sworn to or certified. Appellee attached to its motion two affidavits, large portions of which violated the requirement of Rule 56(e) that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that

the affiant is competent to testify to the matters stated therein. . . .

As we have recently said:

> In the court below, both appellant and appellees relied upon unsworn, unverified documents attached to their moving papers. Rule 56 of the Hawaii Rules of Civil Procedure, however, allows the consideration of such documents only if sworn or certified copies are attached to the moving papers. The Supreme Court of Hawaii has pointed out more than once that this requirement of Rule 56 is mandatory. *Pacific Concrete FCU v. Kauanoe*, No. 6362, decided July 17, 1980; *Cane City Builders v. City Bank*, 50 Haw. 472, 443 P.2d 145 (1968). We have said the same. *Munds v. First Insurance Co. of Hawaii, Ltd.*, 1 Haw. App. 104, 614 P.2d 408 (1980).

*DeMund v. Lum*, 1 Haw. App. 443, 445, 620 P.2d 270, 272 (1980).

There being an insufficient record in this case to form the basis for a motion for summary judgment, the judgment below is remanded for further proceedings consistent herewith.

*Edward Y. N. Kim* for appellants.

*Harvey E. Henderson, Jr. (Rice, Lee & Wong* of counsel) for appellee.