Commonwealth *v.* Tillman (et al., Appellant).

Argued May 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*William S. Bailey*, of *Bailey & Rupp*, for appellant.

*Horace A. Segelbaum*, Special Deputy Attorney General, *Charles J. Margiotti*, Attorney General, and *Edward Friedman*, Deputy Attorney General, for appellee, were not heard.

OPINION BY MR. JUSTICE STERN, June 26, 1936:

Defendant Tillman obtained a liquor license for the year 1934 for his restaurant in Chester County, and furnished to the Pennsylvania Liquor Control Board the required bond in the sum of $2,000 with defendant United States Fidelity & Guaranty Co. as surety. The bond was given in accordance with the provision of section 406 of the Act of November 29, 1933 (Special Session), P. L. 15.

In November, 1934, Tillman's license was revoked by the Court of Quarter Sessions of Chester County under section 410 of the act because, as a result of testimony taken, it was found that he had sold liquor on a Sunday. In February, 1935, by virtue of the warrant of attorney contained in the bond, judgment was entered against defendants in the Court of Common Pleas of Dauphin County in the amount of $2,000. Defendant United States Fidelity & Guaranty Co. took a rule on plaintiff to show cause why the judgment against it should not

be opened. This rule was discharged and the surety company took the present appeal.

The petition to open the judgment was based upon the fact, admitted by the Commonwealth, that agents of the Pennsylvania Liquor Control Board had visited Tillman's restaurant early on a Sunday morning, found it closed, knocked and were admitted, and were served with drinks only as a result of their own solicitation and persuasion. It is claimed that Tillman's violation of the law was thus induced by plaintiff itself. These same facts were presented to the Court of Quarter Sessions of Chester County, which nevertheless revoked the license. The judgment of that court cannot be collaterally attacked, and is as binding on the surety as on Tillman: *Little v. Commonwealth*, 48 Pa. 337; *Commonwealth v. Fidelity & Deposit Co. of Maryland*, 224 Pa. 95; *Clauss v. Ainey*, 279 Pa. 534; *Commonwealth v. Toebe*, 315 Pa. 218.

It is argued that the judgment of revocation, even though conclusive, did not necessarily work a forfeiture of the bond, and reliance for this contention is placed upon *Revocation of Mark's License*, 115 Pa. Superior Ct. 256. In that case it was held that, since the bond was conditioned only for the observance of the laws relating to the *sale* of beverages, and the license was revoked not for any violation of those laws but because it was discovered that the licensee was not the only person pecuniarily interested in the business and therefore should not have been granted the license, the bond was not forfeited as a result of the license being revoked. In the present case, however, the cause of the revocation of the license was the failure of the licensee to observe the liquor laws, which was the very condition of the bond. In it the obligors agree that "upon violation . . . of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors and malt liquors and upon the revocation of the license aforesaid for any such violation

during the continuance of said license the full amount of this bond shall be due and payable." Thus by the express terms of the bond liability followed automatically upon a revocation of the license "for any such violation": *Lightner v. Commonwealth*, 31 Pa. 341; *Commonwealth v. J. & A. Moeschlin, Inc.*, 314 Pa. 34; *Commonwealth v. Eclipse Literary & Social Club*, 117 Pa. Superior Ct. 339, 347.

The order of the court below is affirmed.