MERCHANTS MUTUAL BONDING COM-
PANY, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Charles NES-
BITT, Attorney General, De-
fendant in Error.

No. 42160.

Supreme Court of Oklahoma.

Nov. 7, 1967.

As Corrected and Rehearing Denied
April 2, 1968.

Walter D. Hanson, of Hanson, Fisher, Tumilty, Peterson, Melton & Tompkins, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

WILLIAMS, Justice.

This is an appeal from the judgment of the district court entered in an action wherein plaintiff, State of Oklahoma, on relation of Charles Nesbitt, Attorney General, sought to recover from defendant, Merchants Mutual Bonding Company, the sum of $5000.00 for the alleged breach of a bond executed by defendant as surety. The parties herein will be referred to as they appeared below, i. e., defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.

Most of the facts herein were stipulated in the lower court and only a brief recitation is necessary for an understanding of the issues presented in this appeal.

Pursuant to the requirements of section 519 of the Oklahoma Alcoholic Beverage Control Act (hereinafter referred to as the Act), 37 O.S.1961, § 501 et seq., one Paul Van Bebber, doing business as Paul's Liquor Store, as principal, executed, on May 29, 1963, a bond in the penal sum of $5000.00. This bond, the obligee of which was the State of Oklahoma, was executed by defendant as surety. The bond, after reciting that Van Bebber had applied for a retail liquor license under the Act, provided that "(T)he condition of this obligation is such that if the principal shall faithfully comply with the provisions of said Oklahoma Alcoholic Beverage Control Act, and all rules and regulations promulgated by the Oklahoma Alcoholic Beverage Control Board, while he holds such license, then this obligation shall be null and void; otherwise to remain in full force and effect."

Subsequent to the execution of the above bond, and while it was in full force and effect, the Director of the Oklahoma Alcoholic Beverage Control Board (hereinafter referred to as "Director" and "Board"), after proper notice and hearing, revoked Paul Van Bebber's retail liquor license for having sold, in violation of 37 O.S.1961, §§ 537(a) (2), and 538(g), Article XXVII, Oklahoma Constitution, and a particular one of the Board's, Rules and Regulations, not necessary to here cite, a certain alcoholic beverage to an intoxicated person. This order of revocation by the Director of Van Bebber's retail liquor license was appealed to the Board, where it was af-

firmed. Van Bebber did not appeal from the Board's order.

Thereafter, plaintiff initiated the action appealed from herein, alleging in its petition that Van Bebber's failure to comply with the Act and the Board's particular rule and regulation had breached the above stated condition of the bond, and that defendant was liable for the full amount of such bond. In its answer, defendant admitted that Van Bebber's retail liquor license had been revoked by the Board, but denied liability on the bond, and alleged that relator had no authority to maintain this action and that no statute of this State provided for the forfeiture of a retail liquor bond.

The cause was submitted to the lower court on stipulation and agreed facts 'as hereinabove set forth, resulting in a judgment being entered for plaintiff in the sum of $5000.00, the full amount of the bond. From this judgment and the order overruling its motion for new trial, defendant appeals.

In its first proposition for reversal, defendant contends that there is no provision in the Act for the forfeiture of a bond of a retail liquor dealer; that the bond was not automatically forfeited by Van Bebber's failure to comply with the Act; that as there are criminal penalties, including a $1000.00 fine, provided in the Act for the offense involved herein, the Legislature did not intend that a retail liquor dealer was to be further penalized by the forfeiture of the amount stated in the bond; and, that recovery on the bond should be limited to the amount of damages which could accrue.

In our opinion, substantially all of these contentions have been previously answered to the contrary by this Court.

In State v. Vending Mach. Corporation of America, 174 Okl. 603, 51 P.2d 724, 103 A.L.R. 391, the State as plaintiff sought to recover on the alleged breach of a bond given pursuant to the provisions of § 1952, O.S.1931, in the principal sum of $1000.00 conditioned upon the faithful compliance with the provisions of § 1947, O.S.1931, which made it unlawful to sell cigarettes to a minor. Such § 1947 also provided that upon conviction, any person so selling cigarettes to a minor was subject to a fine not exceeding a maximum of $200.00.

Defendant in the cited decision, principal on the bond, contended that liability on the bond was limited to the fine imposed, and as the seller had not been convicted in a criminal proceeding, no liability had yet accrued. Defendant further contended that unless the liability under the bond was so restricted, it [defendant] would be not only subject to the fine, but in addition would be penalized the amount of the bond, a result not intended by the legislature.

In answering these contentions, we held, after citing and discussing many authorities, that where a statute required execution of a bond, in a penal sum, conditioned on faithful compliance with the law, as a prerequisite to the issuance of a cigarette dealer's license, the sum specified in the bond was the measure of damages for its breach or was the punishment inflicted for the violation of the pledge to comply with the law unless the applicable statute or the bond, read in light of the statute, indicates a different measure of damages. We further held that the full amount of the bond was recoverable without regard to the damages actually sustained.

█ In our opinion, this Court's decision in State v. Vending Mach. Corporation of America, supra, is controlling in the case at bar. In both instances the bond involved, in a penal sum, was required as a prerequisite to the granting of a statutory license and was conditioned upon compliance with the applicable statute. In neither instance had the holder of the license been convicted in a criminal proceeding when action was brought upon the bond. In neither instance did the plaintiff seek to recover actual damages. We see no material distinction in the two cases.

█ Defendant herein, as noted above, contends that as the Act does not contain any provision for the forfeiture of the re-

quired bond, the provision requiring the bond must be read in light of other provisions prescribing criminal penalties. In our opinion, this argument, in effect, is just another way of contending that the bond is security only for a fine imposed in a criminal proceeding wherein the licensee was convicted of violating the applicable statute. We have already answered this argument, but we should like to note further that as previously stated, the bond was conditioned upon faithful compliance with the Act and that licensee, by a valid order of the Board, which order has not been appealed from and is now final, has been adjudged to have violated the Act. As we have already held that the bond was a method of compelling observance of the law, a holding by this Court that no recovery could be had on the bond because of the silence of the Act concerning its forfeiture would defeat the purpose of the act. Simply stated, it is our opinion that after the licensee with whom we are here concerned had been adjudged guilty of violating the Act by selling an alcoholic beverage to an intoxicated person, which violation breached the condition of the bond, and after such adjudication had become final, such bond in penal sum was subject to being forfeited in the district court without the State being required to again go through the process of proving the licensee's guilt other than by properly introducing in evidence the official record thereof. State v. Vending Mach. Corporation of America, supra; see also Commonwealth v. Tillman, 322 Pa. 338, 185 A. 639.

In its second proposition, defendant contends that the Attorney General, as relator herein, is without authority to maintain this action. To support this contention, defendant cites 74 O.S.1961, § 18b. Such statute, in prescribing the duties of such official as Chief Law Officer of the State, continues:

"(f) At the request of the Governor, State Auditor, State Treasurer, or either branch of the Legislature, to prosecute any official bond or any contract in which the State is interested, upon a breach thereof, and to prosecute or defend for the State all actions civil or criminal, relating to any matter connected with either of their Departments."

Defendant then argues, in effect, that this request, or authority, to prosecute must be shown by the Attorney General.

Defendant cites no authority, and we have found none, which requires either that such request be in writing or that it be shown before the Attorney General may bring suit. We have previously held that there is a rebuttable presumption that any attorney is authorized to appear for the person who he is representing in court. In re Hess' Estate, Okl., 379 P.2d 851. In the instant case, defendant offered no evidence to rebut this presumption that the Attorney General had authority to represent the State, nor did defendant offer any evidence requiring the court to challenge the Attorney General's presumed authority. See In re Hess' Estate, supra; 5 O.S.1961, § 5. For these reasons, defendants second proposition is not well taken.

We do not herein consider or pass upon the question of whether the determination that a holder of a (retail liquor) package store license has violated the Alcoholic Beverage Control Act in a manner not serious enough to justify revocation of such license would warrant a judgment forfeiting such holder's statutory bond.

The judgment of the lower court is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, J., dissents.