**SUN INVESTMENT AND LOAN CORPORATION, a Corporation, Appellee,**

v.

**Willie Mae McINTYRE, Appellant.**

No. 46239.

Supreme Court of Oklahoma.

May 27, 1975.

As Corrected on Denial of Rehearing July 7, 1975.

Larry D. Patton, Oklahoma City, for appellee.

Robinson, Summers & Locke by Hardy Summers Muskogee, for appellant.

IRWIN, Justice:

On September 18, 1972, Commissioners were appointed in a partition proceeding and their report was filed on September 25, 1972. The Sun Investment and Loan Corporation (appellee) timely filed its election to take the property at the appraised value ($10,000.00), and deposited the sum with the clerk of the court. According to a journal entry of judgment entered on December 4, 1972, a hearing was conducted on November 6, 1972, and on that date the trial court approved and confirmed the Commissioners' Report and appellee's purchase of the property at the appraised value, but stayed execution until November 15, 1972, "only for the purpose of allowing any individual or party to the action to make application for Writ of Prohibition." No application for Writ of Prohibition was filed.

On November 9, 1972, appellant, Willie Mae McIntyre, owner of an undivided $12/14$ths interest in the property[1], filed her Motion to Intervene and "Application for

---

1. Appellee commenced the proceedings in March, 1971, and numerous parties were named party defendants. At the time of the commencement of the action appellant had no interest in the property and was not named as a party defendant. However, appellant's

leave of court to file election to take property at appraised value out of time and objections and exceptions to Report of Commissioners." In the application, appellant alleged she had not been a party to the proceedings, had no notice of the order of partition, the appointment of the commissioners or the filing of their report, and that Dr. W had offered her $15,000.00 for her interest in the property. Appellant prayed the commissioners be directed to make a further report, or in the alternative, that the property be sold at public auction upon her paying into court $15,000.00.

A hearing on appellant's motion, objections and exceptions was conducted on November 15, 1972. On December 4, 1972, appellee was authorized to increase its bid and to deposit an additional $5,001.00 with the court clerk before noon of that day, making a total deposit of $15,001.00. If appellee failed to increase its bid from $10,000.00 to $15,001.00, and deposit the additional sum, the case was to be set for further hearing at 1:30 p. m. that afternoon. Appellee deposited the additional sum and the trial court entered an order on December 4, 1972, (1) denying appellant's motion to intervene because she had been a party since September 7, 1972, when her ownership was determined and the order of partition entered; (2) denying appellant's motion to file an election to take out of time because she had entered her appearance on September 7, 1972, and had made no application for an extension of time to make an election; and (3) overruling her objections and exceptions to the Report of the Commissioners because the same was filed after the trial court had already approved and confirmed the Commissioners' Report on November 6, 1972.

The trial court found that $15,000.00 was a fair and just value or price to be paid for the property. It decreed that the Commissioners' Report had been heretofore approved and confirmed (November 6, 1972), and approved and confirmed the election of appellee to take the property for $15,001.00 and ordered a deed be executed to appellee.

Appellant appealed. The Court of Appeals found that appellant had been substantially prejudiced because she had received no notice of the Commissioners' Report or the hearing thereon; reversed the judgment of the trial court; and directed the trial court to order a new appraisal or order the property sold at public auction. Appellee filed its petition for certiorari.

■ Appellant's contention that she had no actual or constructive notice of the partition proceedings cannot be sustained. The order of partition, dated September 7, 1972, recited that appellant appeared by and through her attorney, Attorney J. The trial court in its December 4, 1972, judgment, found that appellant had entered her general appearance and was represented by Attorney J, as shown by the September 7, 1972, order.

Appellant testified at the November 15, 1972, hearing that Attorney J at one time did represent her and her husband in the case but had not represented her since April, 1972. A copy of the Oath of Commissioners, Report of Commissioners, Appellee's election to take the property at the appraised value, and Motion to confirm the Commissioners' Report and Order for Hearing were timely mailed to Attorney J. At the November 15, 1972, hearing, appellant's present attorney stated that at the

husband did have an interest, was made a party defendant, served with notice, and made an appearance through his attorney. Several of the party defendants executed quitclaim deeds to appellant and her husband, and by virtue of a divorce settlement appellant succeeded to whatever interest her husband had in the property. On September 7, 1972, the

trial court decreed that appellant owned a $12/14$ths interest in the property, appellee a $1/14$th interest, and another party (who has not appealed) a $1/14$th interest. On that date the trial court ordered partition and set for hearing on September 18, 1972, the appointment of Commissioners.

November 6, 1972, hearing, he was appearing as a friend of the court because of the contract to purchase between appellant and Dr. W.

■ There is a rebuttable presumption that Attorney J was authorized to represent appellant at the November 6, 1972, hearing. Merchants Mutual Bonding Company v. State, Okl., 438 P.2d 931 (1968). The trial court's finding that appellant had entered her appearance and was represented by Attorney J at the September 7, 1972, hearing, is not against the clear weight of the evidence, and appellant is not entitled to a reversal of the trial court's judgment on the grounds she had no notice of the partition proceedings.

■ Appellant contends the trial court erred in holding that her objections and exceptions to the Commissioners' Report filed on November 9, 1972, was filed after the Commissioners' Report had been approved and confirmed.

The judgment of the trial court, dated December 4, 1972, specifically states that on November 6, 1972, the Commissioners' Report and appellee's election to purchase the property at the appraised value were approved and confirmed and execution was stayed "until November 15, 1972, only for the purpose of allowing any individual or party to this action to make application for a Writ of Prohibition."

We hold the trial court did not err in finding that appellant's objections and exceptions to the Commissioners' Report were filed after the report had been approved and confirmed.

Appellant contends that under our holding in Herron Trust v. Swartz, Okl., 361 P.2d 280 (1961), the trial court, as a matter of law, should have (1) ordered a new appraisal, or (2) required the property to be sold at public auction.

12 O.S.1971, § 1516, provides that:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

In Herron, we held that submitting a bid substantially greater than the Commissioners' appraisal prior to the approval of the Commissioners' Report, constituted a timely objection and exception to such report. Although we directed the trial court to order a new appraisal or order the property sold at public auction, we specifically stated that the trial court should not in all cases refuse to direct the sheriff to execute a deed when, prior to approval of the Commissioners' Report, an offer is made over and above the amount of the appraisement and the report of the Commissioners. We said the decision rests upon the sound judicial discretion of the trial court and held there was sound reason why the trial court should not have ordered a deed be executed in favor of Swartz who had elected to take the property at the appraised value.

■ In the case at bar, appellant's offer, which was substantially more than the Commissioners' appraisal of $10,000.00, was made after the Commissioners' Report had been approved. The trial court did not direct the issuance of a deed to appellee based on its election to take at the $10,000.00 appraisal, but ordered a deed be issued to appellee if it would increase its bid to $15,001.-00 for the property. Appellee has not challenged the correctness of the trial court's action. Therefore, whether appellee, as a matter of law, would have been entitled to the issuance of a deed based upon the Commissioners' appraisal of $10,000.00 is not an issue here. In other words, when no other party timely elects to take the property at the appraised value, nor timely filed his objections and exceptions to the Commissioners' Report prior to its approval, whether the party timely electing to take the property at the appraised value is entitled to a deed, as a matter of law, is not presented or determined here. Assuming, arguendo, the electing party would not, as a matter of law, be entitled to the issuance

of the deed, and that the decision rests upon sound judicial discretion, we find the trial court exercised sound discretion in the case at bar. The judgment of the trial court ordering the issuance of the deed to appellee in consideration of the $15,001.00 deposited with the court clerk is affirmed.

Certiorari granted; Decision of the Court of Appeals vacated; and Judgment of the trial court affirmed.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES, and SIMMS, JJ., concur.

HODGES, V. C. J., dissents.