SAM DAILY REALTY INC., a Hawaii corporation, SAM DAILY, and MARGARET DAILY, Plaintiffs-Appellees, *v.* WESTERN PACIFIC CORPORATION, a Hawaii corporation, and JACK WARD, Defendants-Appellants

NO. 8831

(CIVIL NO. 62997)

OCTOBER 28, 1983

BURNS, C.J., TANAKA, J., AND CIRCUIT JUDGE HUDDY
IN PLACE OF ASSOCIATE JUDGE HEEN, RECUSED

OPINION OF THE COURT BY BURNS, C.J.

This is an appeal by defendants Western Pacific Corporation (WPC) and Jack Ward (Ward) from a judgment in favor of plaintiffs Sam and Margaret Daily (the Dailys) and Sam Daily Realty, Inc. (SDRI). We affirm the judgment against WPC but reverse as to Ward.

The issues and our answers are:

I. Did the lower court err in allowing plaintiffs to sue

WPC's statutory trustee by designating WPC rather than the trustee as the defendant? No.

II. Did the lower court have *in personam* jurisdiction over WPC's statutory trustee? Yes.

III. Did the lower court render contradictory and inconsistent evidentiary rulings to defendants' prejudice? No.

IV. Are any of the lower court's essential findings of fact clearly erroneous? No.

V. Did the lower court err in entering a monetary judgment against Ward? Yes.

On June 13, 1978, WPC, through its vice-president, Ward, entered into a Joint Venture Agreement (JVA) with SDRI. The JVA specifically concerned one property but permitted subsequent inclusion of other ventures and properties by agreement of the venturers. The JVA named WPC as the managing venturer and provided that if one venturer failed to contribute its 50% share of necessary funds the other could advance those funds. The defaulting venturer's percentage interest would be decreased by 1% for each $1,000 contributed with a corresponding increase in the contributing venturer's percentage interest.

On October 2, 1980, SDRI and the Dailys filed a complaint against WPC and Ward alleging that other ventures and properties had been subsequently included under the JVA's coverage and that SDRI advanced in excess of $50,000 to pay contributions which WPC failed to pay. Plaintiffs asked for:

1. a declaration that SDRI owns 100% of the joint venture and its assets;

2. an order requiring WPC and Ward to provide a full accounting of the affairs of the joint venture;

3. an order dissolving the joint venture and distributing all of its assets to SDRI; and

4. damages from WPC and Ward for breach of the JVA.

Service on WPC was effected on Ward, its vice-president. The clerk of the court entered defendants' default on November 18, 1980. On November 29, 1980, before entry of default judgment, defendants' attorney filed a "Motion to Set Aside Default and Enlarge Time to Answer." This motion was orally granted. Thereafter, defendants' attorney filed an answer admitting the complaint's allegation that WPC "is a

Hawaii corporation doing businesss [sic] in the State of Hawaii[.]"

At the bench trial, WPC's primary defense was that the JVA covered only the one venture and the property specified therein and no other venture or property. The lower court found and concluded that five additional separate ventures and properties had been included under the JVA's coverage, WPC had defaulted in its duties to contribute and account, SDRI was entitled to all of the assets covered by the JVA, and SDRI was entitled to judgment against WPC for $178,328 "representing the sums paid to [WPC] above and beyond the amounts properly payable to it for which [WPC] has failed to account." However, a $186,162.70 judgment ($178,328 plus $2,684.10 costs and a $5,150.60 master's fee) was entered in favor of SDRI not only against WPC but also against Jack Ward "jointly and severally."

## I. AND II.

Contrary to plaintiffs' allegation and defendants' admission that WPC was an existing corporation when sued, plaintiffs' evidence, which was introduced over defendants' objection as to relevance, showed that WPC was involuntarily dissolved on July 17, 1980, more than two months prior to the filing of plaintiffs' complaint.

Under Act 167, § 1, Haw. Sess. Laws 49 (1983), a dissolved corporation may sue and be sued in its corporate name so long as the claim arose prior to its dissolution and the suit is commenced within two years after its dissolution. However, since the effective date of Act 167 is July 1, 1986, it does not apply in this case.

Under Hawaii Revised Statutes §§ 416-123 and 416-124 (1976), when a corporation is involuntarily dissolved, its directors automatically become the liquidating trustees for its creditors and stockholders until some other persons are appointed, and as trustees they become the owners of all corporate assets. In re Ellis, 53 Haw. 23, 487 P.2d 286 (1971).

There is no evidence in the record that Ward was a director of WPC at the time of its dissolution. There is evidence which

was presented to the court by Ward in a post-trial motion that Ward's wife, Bonnie, was WPC's sole director at its dissolution. Assuming Bonnie was WPC's sole director at its dissolution, plaintiffs most properly should have sued Bonnie Ward, trustee in dissolution for the creditors and stockholders of WPC, a dissolved corporation. Instead, they sued WPC.

Defendants contend that plaintiffs sued and obtained judgment against a party who was not a real party in interest. We find no merit in that contention because, other than the fact that courts ought not waste their time on useless endeavors, there is no requirement that a defendant must be a real party in interest. Rule 17(a) of the Hawaii Rules of Civil Procedure (HRCP) requires plaintiffs, not defendants, to be real parties in interest.

The general question of suits by and against dissolved corporations has been the subject of much discussion. *See generally* 16A Fletcher Cyclopedia of the Law of Private Corporations § 8143 (rev. perm. ed. 1979). Under our analysis there are two separate issues. These issues and our answers are:

A. Can plaintiffs sue the statutory trustee of a dissolved corporation by naming only the dissolved corporation? Yes.

B. If the statutory trustee of a defendant dissolved corporation has not been served with process, but an attorney represents the defendant without challenging by motion or in a responsive pleading the court's *in personam* jurisdiction over his client, has the court acquired *in personam* jurisdiction over the trustee? Yes.

A.

A combination of reasons compels our answer to issue A. First, there is a direct relation between the dissolved corporation and the statutory trustee. The trustee is the automatic successor of the dissolved corporation. The corporation's dissolution gave life to the trustee. The dissolved corporation's name is the trustee's pseudonym.

Second, in *Cane City Bldrs. v. City Bank,* 50 Haw. 472, 443 P.2d 145 (1968), our supreme court held that a trustee of a dissolved corporation may sue in the name of the dissolved corporation and in his own name without indicating his repre-

sentative fiduciary capacity. In our view, the name by which a plaintiff can sue is also the name by which he can be sued.

Third, Rule 9(a), HRCP provides the route for raising the issue. It states in relevant part:

> When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fourth, if plaintiffs in this case had served the person who was WPC's director at its dissolution, we think that the failure to specifically name that person as a defendant would have been inconsequential. We held in *Kajiya v. Department of Water Supply,* 2 Haw. App. 221, 223, 629 P.2d 635, 638 (1981), that:

> While it is true that a defendant should be served by his true name if it is known or can be ascertained, a mere misnomer of a party defendant in pleadings and process, if it does not render the summons insufficient for the purpose of giving notice to the proper defendant, must be taken advantage of by a plea in abatement (or otherwise affirmatively pleaded); failure to take objection in this manner ordinarily is a waiver of the defect.

We distinguish *Kleinjans v. Lombardi,* 52 Haw. 427, 478 P.2d 320 (1970). There the defendants were named as John Does. No attempt was made to comply with Rule 17(d), HRCP (1972) which governs suits against John Does. However, the real defendants were personally served with the John Doe summonses. Thereafter, but prior to trial, plaintiffs amended their pleadings by substituting the defendants' real names for the fictitious ones. Our supreme court held that since defendants were served before they were properly described they were "not legally before the court[.]"

In *Kleinjans,* the names used were clearly fictitious and bore no relation to defendants' real names. Moreover, plaintiffs failed to comply with Rule 17(d), HRCP. Here, plaintiffs have not violated Rule 17(d). This is a misidentification case. Plaintiffs named the dissolved predecessor rather than the

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

automatic successor.

Moreover, the opinion of *Kleinjans* does not clearly indicate whether the real defendants actually participated in the case in person or through counsel without raising the defense of lack of *in personam* jurisdiction. If they did, then Rule 12(h)(1), HRCP, would be applicable.

### B.

Rule 12(h)(1), HRCP, provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The record reveals that a licensed attorney filed an answer on behalf of WPC but did not, either by motion or in the answer, challenge the sufficiency of the service of process or the court's *in personam* jurisdiction over WPC and its successor trustee. Admittedly, the attorney's authority could only come from the trustee. However, an attorney's authority to represent the party he purports to represent is rebuttably presumed, *Sun Investment and Loan Corporation*, 537 P.2d 341 (Okla. 1975), and there is nothing in the record rebutting the presumption. *See ·Oliveira v. Silva*, 18 Haw. 602 (1908). Thus, under the record before us, those defenses were waived. *See Mississippi Valley Development Corporation v. Colonial Enterprises, Inc.*, 217 N.W.2d 760 (Minn. 1974).

### III.

Defendants contend that the trial court applied contradictory and uneven evidentiary rulings to the benefit of plaintiffs and to the prejudice of defendants. The trial transcripts do not substantiate this contention. '

IV.

Defendants contend that various of the lower court's findings are clearly erroneous, especially its finding that the five additional ventures and properties had been subsequently included under the JVA's coverage. Except for the nonessential finding that Ward was a director of WPC, all the contested findings are supported by substantial evidence; therefore, we find no merit in this contention. *See Hawaii Leasing v. Klein,* 4 Haw. App. 1, 658 P.2d 343 (1983).

V.

Defendants contend that the lower court erred in entering a monetary judgment in favor of SDRI against Ward. We agree. Plaintiffs' complaint alleged a breach of the JVA and asked for damages and an accounting. According to the evidence and the findings and conclusions, however, Ward was not a party to the JVA. His only involvement with plaintiffs was as WPC's vice-president. Thus, there is no basis in the complaint, the evidence, and the findings of fact and conclusions of law supporting SDRI's monetary judgment against Ward. On the contrary, although the conclusions of law state that SDRI is entitled to judgment against WPC for $178,328, they are silent as to SDRI's entitlement against Ward. Therefore, the judgment against Ward violates the rule that "the judgment must follow, and conform to, the verdict or findings." *Castle v. Kapiolani Estate,* 16 Haw. 33, 36 (1904) (citations omitted).

CONCLUSIONS

Accordingly, the monetary judgment against Ward is reversed. In all other respects the judgment is affirmed.

*Christopher R. Evans* on the briefs for defendants-appellants.

*Roy Anderson* on the briefs for plaintiffs-appellees.