886 P.2d 754

**George MAKANEOLE, Plaintiff–Appellant,**

**v.**

**PACIFIC INSURANCE CO., LTD., Sentinel Insurance Co., Inc., Alexander of Hawai'i, Inc., and Aetna Casualty and Surety Company, Defendants–Appellees.**

**No. 15234.**

Supreme Court of Hawai'i.

Dec. 5, 1994.

Reconsideration Denied Jan. 4, 1995.

---

Herbert R. Takahashi, Stanford H. Masui and Danny J. Vasconcellos of Takahashi and Masui, on the briefs, Honolulu, for plaintiff-appellant George Makaneole.

Wallace S. Fujiyama, Archie T. Ikehara and Douglas H. Knowlton of Fujiyama, Duffy & Fujiyama, on the briefs, Honolulu, for defendants-appellees Pacific Ins. Co., Ltd. and Sentinel Ins. Co., Inc.

Peter C.-P. Char, Glenn I. Kimura and Christopher K.S. Jong of Char, Hamilton, Campbell & Thom, on the briefs, Honolulu, for defendants-appellees Alexander of Hawai'i, Inc. and Aetna Cas. and Sur. Co.

Archie T. Ikehara of Fujiyama, Duffy & Fujiyama, Honolulu, for defendants-appellees Pacific Ins. Co., Ltd. and Sentinel Ins. Co., Inc. (on the motion for reconsideration).

Peter C.-P. Char, Glenn I. Kimura and Christopher K.S. Jong of Char, Hamilton, Campbell & Thom, Honolulu, for defendants-appellees Alexander of Hawaii, Inc. and Aetna Casualty and Surety Co. (on the joinder).

Herbert R. Takahashi, Stanford H. Masui and Danny J. Vasconcellos of Takahashi and Masui, Honolulu, for plaintiff-appellant George Makaneole (on the memorandum in opposition).

MOON, Chief Justice.

Plaintiff-appellant George Makaneole appeals from the circuit court's order granting summary judgment in favor of defendants-appellees Pacific Insurance Company and Sentinel Insurance Company (collectively, Pacific) and Alexander of Hawai'i, Inc. and Aetna Casualty and Surety Company (collectively, Aetna) [hereinafter, Pacific and Aetna are collectively referred to as appellees]. Makaneole, who was injured while working at a construction site, brought a personal injury action against, *inter alia,* Norman's

Construction, Inc., Norbub, Inc., and N. Murakami, Inc. (collectively, Norman's). Makaneole obtained an order of entry of default and a default judgment against Norman's when Norman's failed to answer the complaint. However, before the default judgment was entered, all three corporations were involuntarily dissolved. Seeking to collect on the default judgment, Makaneole filed a complaint for declaratory relief against appellees. Pacific moved for summary judgment, which Aetna joined, asserting that the default judgment was null and void because Norman's was dissolved at the time the judgment was entered. The court granted summary judgment in favor of appellees, and Makaneole appealed.

Because we hold that Makaneole's claim was not abated by the dissolution of Norman's, we reverse the grant of summary judgment in appellees's favor.

## I. BACKGROUND

We have reviewed this case previously. *See Makaneole v. Gampon,* 7 Haw.App. 448, 776 P.2d 402, *aff'd in part, rev'd in part,* 70 Haw. 501, 777 P.2d 1183 (1989); *Makaneole v. Norman's Construction, Inc.,* No. 15984, 77 Hawai'i 372, 884 P.2d 1148 (Oct. 20, 1994) (mem.). Because the previous opinions set forth the factual background in detail, here, we recount only the basic facts.

Kaua'i Development Corporation (KDC), the owner and developer of the Sheraton Kaua'i Resort, contracted with Dillingham Construction Corporation, doing business as Hawaiian Dredging and Construction Co. (HD & C), the general contractor, for an expansion project at the resort. Makaneole, who had been hired as a journeyman carpenter by HD & C, worked on the project.

On September 18, 1981, HD & C employees, including Makaneole, were attaching plywood sheathing to the dining room roof at the resort. A crane, operated by Drake Gampon, was used to lift the plywood to the rooftop. Gampon was employed by Norman's Construction, a consultant to HD & C.

While on the roof, an employee of HD & C, after removing a load of plywood secured by a "c-clamp" on the crane, failed to re-tighten the clamp. As the crane boom began to swing back, the "c-clamp" fell from the crane rigging and struck Makaneole on the head, resulting in serious injuries.

Subsequent to filing suit against numerous defendants, including Norman's, Makaneole obtained entry of default against Norman's on August 12, 1983, based on Norman's failure to answer the complaint. However, default judgment in the amount of $1,462,275.99 was not entered against Norman's until March 5, 1987.

Meanwhile, on December 7, 1983, Norman's Construction and N. Murakami, Inc. were involuntarily dissolved by the Director of the Department of Commerce and Consumer Affairs for failing to file the annual exhibit for two years. Norbub, Inc. was likewise involuntarily dissolved on November 8, 1984.

On September 1, 1987, Makaneole filed his complaint for declaratory relief against Pacific (KDC's insurer) and Aetna (HD & C's insurer), seeking a determination that their respective comprehensive general liability policies afforded coverage for the acts or omissions of Norman's. Makaneole alleged that Norman's was an "insured" under both policies.

Pacific moved for summary judgment, which Aetna joined, contending that Norman's was not an insured under its policy. Based on Hawai'i Rules of Civil Procedure (HRCP) Rule 56(f), Makaneole moved for a continuance of the summary judgment proceeding in order to conduct further discovery. Makaneole's request was denied, and the court entered summary judgment in favor of appellees on March 16, 1988 and April 13, 1988, respectively. Makaneole appealed.

On appeal, the Intermediate Court of Appeals (ICA) affirmed. *See Makaneole v. Pacific Ins. Co.,* 7 Haw.App. 659, 807 P.2d 48 (1989) (mem.). The ICA held that the circuit court correctly interpreted the insurance contracts and correctly found that discovery would not have assisted Makaneole in raising a genuine issue of material fact. *Id.* We granted certiorari and reversed the ICA decision on the basis that the order of summary judgment was premature, remanding the

case to the circuit court for further discovery. *See Makaneole v. Pacific Ins. Co.,* No. 13032, 70 Haw. 648, 796 P.2d 996 (July 24, 1989) (mem.).

On remand, after further discovery, Pacific again moved for summary judgment, maintaining that there was no genuine issue of material fact on the issue whether Norman's was an "insured." Aetna again joined in the motion. Both motions were denied on September 17, 1990; no appeals were filed.

Pacific again moved for summary judgment, this time asserting that the default judgment against Norman's was null and void because it was entered after Norman's had been involuntarily dissolved. Again, Aetna joined in Pacific's motion. Following a hearing on the motions, the court orally announced its ruling in favor of appellees. Makaneole's timely appeal followed.

## II. *STANDARD OF REVIEW*

■ On appeal, we review orders of summary judgment under the same standard applied by the circuit court. "Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and it is entitled to judgment as a matter of law." *Reed v. City and County of Honolulu,* 76 Hawai'i 219, 225, 873 P.2d 98, 104 (1994).

## III. *DISCUSSION*

### A. *Jurisdiction*

Appellees allege that we are without appellate jurisdiction because Makaneole did not appeal from a final judgment. Appellees contend that because the notice of appeal was filed prior to the entry of the written orders, Makaneole's appeal is premature.

■ However, Hawai'i Rules of Appellate Procedure Rule 4(a)(2) effectively dispenses with the jurisdictional defects arising from Makaneole's premature filing of his notice of appeal. Rule 4(a)(2) provides in pertinent part that a "notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and

on the day thereof." Consequently, we have jurisdiction.

### B. *Makaneole's Claims Against Norman's Subsequent to Dissolution*

In granting summary judgment in favor of appellees, the circuit court specifically held:

> THIS COURT CONCLUDES that the March 5, 1987 Default Judgment against [Norman's] is null and void since they were dissolved entities at the time Judgment was entered. No Hawaii statute provided for the survival of a remedy against a corporation after dissolution at the time (3/5/87) [Makaneole] obtained the Judgment herein.

Makaneole argues that summary judgment was erroneously granted because, pursuant to Hawai'i Revised Statutes (HRS) § 634–61 (1985), his claim against Norman's was not abated by the involuntary dissolutions. HRS § 634–61 provides in relevant part:

> [t]he death of a plaintiff or defendant or the dissolution of a corporate plaintiff or defendant shall not cause an action to abate, but it may be continued upon substitution of the proper parties as provided by the rules of court[.]

■ "At common law[,] every real or personal action abated on the dissolution of a corporation that was a party to such action, unless the action was submitted for judgment before dissolution, and this is still the law except insofar as the common law is modified by statute." 1 Am.Jur.2d *Abatement, Survival, and Revival* § 130 (1962). In Hawai'i, the modification of the common law is embodied in HRS § 634–61, which was amended in 1967 in order to abrogate the harsh common law rule. Section 230–55, Revised Laws of Hawaii (1955) (the predecessor statute of HRS § 634–61), was amended to permit dissolved corporations to continue as parties in civil actions by adding the language "dissolution of a corporate plaintiff or defendant" to the general abatement statute. The legislative intent of the aforementioned amendment is unequivocal, as indicated by the following committee report:

> The purpose of this bill is to amend Sections 230–55 through 230–60 [of the

Revised Laws of Hawaii (1955) ] relating to abatement of action, to include corporations that have been dissolved. These sections presently provide that the death of a natural plaintiff or defendant shall not cause an action to abate, but may be continued under the provisions provided. This bill amends those sections so as to include corporations that have been dissolved.

The present corporation law does not contain any provisions relative to the effect of dissolution on civil actions *pending.* This has caused problems as corporations have been dissolved involuntarily by the Director of Regulatory Agencies [now the Department of Commerce and Consumer Affairs] that *had cases pending in court or on appeal which were unknown to the Director or to the trustees.*

Sen.Stand.Comm.Rep. No. 635, in 1967 Senate Journal, at 1139–40 (emphasis added).

Although HRS § 634–61 allows a cause of action to proceed against a dissolved corporation, Aetna contends that, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 25(a)(1) (1990), the proper parties must be substituted in the action. HRCP Rule 25(a), entitled "Death," provides in pertinent part:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of proper parties.... Unless the motion for substitution is made not later than 120 days after the death ... the action shall be dismissed as to the deceased party.

█ In the present case, there was no substitution of parties after the dissolution of Norman's. However, it is well settled that "Rule 25(a) [of the Federal Rules of Civil Procedure [1]] applies to the death of a natural person rather than to the dissolution of a corporation." 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure

§ 1952, at 528 (1986). By operation of HRS §§ 416–123 and –124 (1985),[2] the directors of the corporation are designated trustees and become the automatic successors of the dissolved corporation. Thus, formal substitution of parties is unnecessary in a corporate dissolution situation.

HRS § 416–123 provides in pertinent part: Upon the involuntary dissolution of any corporation and unless and until some other person or persons are appointed by the director of commerce and consumer affairs or a court of competent jurisdiction, the directors of any corporation organized for profit, or director or managers of any nonprofit corporation by whatever name the managers may be called, shall be and act as trustees for the creditors and stockholders or members of the corporation with full powers to settle its affairs[.]

HRS § 416–124 defines the powers and duties of the trustee as follows:

[T]he trustee or trustees shall have power: to sue for and collect the debts, claims, and demands due to the corporation, or compound and settle any claims as they may deem best; ... to adjust and pay all debts of the corporation dissolved; to proceed as speedily as practical to a complete winding up of the corporation and, to that end, to exercise all powers of the dissolved corporation[.]

In *Cane City Builders, Inc. v. City Bank of Honolulu,* 50 Haw. 472, 443 P.2d 145 (1968), we held that the director of a corporation, even if not properly designated a trustee after the corporation's dissolution, is a trustee and has standing to sue on its behalf.[3] *Id.* at 476, 443 P.2d at 148. The court's holding implied that the corporation's capacity to sue did not terminate with dissolution; instead, the former directors became statutory trustees who succeeded to the interest of the corporation by operation of law.

---

**1.** HRCP 25(a) is nearly identical to its federal counterpart, except that under the federal rule, the time within which a motion for substitution must be brought is 90 days instead of 120 days, as in the Hawai'i rule.

**2.** We note that HRS chapter 416 has since been repealed. *See* 1987 Haw.Sess.L. Act 135, § 208 at 308.

**3.** *Cane* required the interpretation of sections 172–132 and –133, Revised Laws of Hawaii (1955), the predecessors to HRS §§ 416–123 and –124, respectively, which language is essentially identical to the current statutes.

Relying on *Cane*, in *Sam Daily Realty v. Western Pacific Corp.*, 4 Haw.App. 577, 671 P.2d 450 (1983), the ICA deduced the logical conclusion that, if a trustee of a dissolved corporation may sue in the name of the dissolved corporation pursuant to HRS § 416–124, it can also be sued in the same name. *Id.* at 580–81, 671 P.2d at 452. The ICA explained that "[t]he trustee is the *automatic successor* of the dissolved corporation" and continues its corporate existence in the name of the trustee, that is, "[t]he dissolved corporation's name is the trustee's pseudonym." *Id.* at 580, 671 P.2d at 452 (emphasis added). In accordance with *Sam Daily Realty*, we hold that substitution of parties was unnecessary after the dissolution of Norman's because its corporate existence continued in the automatically designated trustees.

■ Notwithstanding the language of the abatement statute, Pacific contends that, in the absence of a statutory provision to the contrary, a judgment rendered against a dissolved corporation is null and void, even though the action may have been commenced before such dissolution. Pacific maintains that, at the present time, the Hawai'i Business Corporation Act, chapter 415, provides for the survival of certain remedies against a corporation after dissolution. Specifically, HRS § 415–105 (Supp.1990) provides in pertinent part:

The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right of claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

However, the survival of remedy statute was not effective until July 1, 1987, nearly four months after the March 5, 1987 default judgment was entered. Thus, Pacific submits that because there was no existing Hawai'i statute in effect at the time the default judgment was entered that provided for the survival of remedies against a corporation after dissolution, Makaneole's reliance on HRS § 634–61 is misplaced.

Having concluded that Makaneole's claim against Norman's was not abated by the involuntary dissolutions, we need not address Pacific's contentions regarding the survival of remedies issue.

### III. CONCLUSION

Based on the foregoing, we reverse the circuit court's grant of summary judgment in favor of appellees and remand this case for further proceedings.